IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA S. BECKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-cv-00294-JMB |
| THE CITY OF ST. ANN, MISSOURI, et al., | ) ) ) ) |
| Defendants. | ) ) |

**JUDGMENT AND ORDER APPROVING WRONGFUL DEATH
SETTLEMENT AND MINOR'S SETTLEMENT**

On October 1, 2024, Plaintiff, Patricia S. Becker, the mother of decedent, Katherine Pinson (hereinafter "Pinson"), as representative of the wrongful death class pursuant to § 537.080.1 R.S.Mo., appeared in person for hearing on the Motion to Approve Wrongful Death Settlement and Petition for Approval of Minor Settlement. Plaintiff was represented by counsel at the hearing. Defendants City of St. Ann, Missouri, Chief Aaron Jimenez, Corrections Supervisor Stefan Logan, Sgt. Gary Schwenk, and Correction Officers Nicholas Ostoff, Daniel Mendizabal, and Robert White appeared by and through counsel.

All parties have waived their right to a jury trial regarding Plaintiff's claims against Defendants pursuant to the settlement agreed to by the parties. Having heard the evidence in support of Plaintiff's Motion to Approve Wrongful Death Settlement and Petition for Approval of Minor Settlement, to include the testimony of Plaintiff and review of the General Release with proposed distribution, as well as considering the arguments of counsel and the pleadings, and being fully informed of the issues before the Court, the Court finds:

1. Plaintiff is the natural mother of decedent, and therefore, entitled to sue for and recover damages for the wrongful death of Pinson pursuant to § 537.080.1 R.S.Mo. She brought this action for her benefit and the benefit of Pinson's natural children to protect them from the emotional trauma of litigating claims involving their mother's death.

2. Pinson's natural children are Kayla Hoerr, Devon Lange, and ▮▮▮▮▮▮ (a minor), who are also entitled to recovery due to the wrongful death of their mother, Pinson, pursuant to § 537.080.1 R.S.Mo.

3. Plaintiff is the physical and legal guardian of the minor child, ▮▮▮▮▮▮, as we all as her next friend, and therefore, has the power and authority to contract on behalf of the minor for a settlement of the minor's claims/causes of action and is authorized to enter a settlement on the minor child's behalf, provided that such contract and settlement shall not be effective until approved by the Court. § 507.184.2 R.S.Mo.

4. Pinson's father is deceased. Pinson was not married at the time of her death. Pinson left no surviving spouse or other children besides those identified in paragraph 2, and therefore, there are no surviving lineal descendants of any deceased children, natural or adopted.

5. As a result, Plaintiff, Kayla Hoerr, Devon Lange, and ▮▮▮▮▮▮, a minor, (hereinafter collectively "Claimants") are the only individuals entitled to recover damages in this matter pursuant to § 537.080.1 R.S.Mo.

6. The Court finds that no other individual/party need be joined or notified of this wrongful death settlement because those entitled to sue or join in this action were notified of this action before suit was filed and notified of settlement discussions before the settlement (as evidenced by their participation in the settlement and signing of the General Release), and that the settlement will be used for the use and benefit of all those entitled to sue or join in this action

as required by § 537.095.1 R.S.Mo.

7. Plaintiff initially filed her Complaint in this Court on March 10, 2023 (Doc. 1). She filed her First Amended Complaint on December 28, 2023 (Doc. 35). Both complaints alleged: the denial of medical care under the 8th and/or 14th Amendments to the United States Constitution against all of the individually named defendants, except Defendant Jimenez (Count I), *Monell* liability against the City of St. Ann and Defendant Jimenez (Count II), and wrongful death against all defendants, except the City of St. Ann (Count III).

8. Claimants have entered into an agreement with all Defendants compromising and settling all claims and causes of action against all Defendants, subject to Court approval of the settlement pursuant to §§ 537.095 and 507.184 R.S.Mo.

9. As part of the global settlement of this case, Plaintiff has entered into an agreement with all Defendants to: waive the minor child, ▮▮▮▮▮▮▮▮, right to a jury trial, submit this proposed settlement to the Court for approval, to contract to settle the minor child's claims/causes of action, and to release Defendants from all liability, which is not effective until approved by this Court. § 507.184.2.

10. The total amount of the proposed settlement of all claims/causes of action against all Defendants as set forth in the General Release is ▮▮▮▮▮▮▮▮. The General Release was attached to the Motion to Approve Wrongful Death Settlement, as Exhibit 1 and filed under seal with leave of this Court and is incorporated by reference herein. It provides for distribution to the Claimant's as follows:

| | |
|---|---|
| Patricia S. Becker | ▮▮▮▮▮▮ |
| Kayla Hoerr | ▮▮▮▮▮▮ |
| Devon Lange | ▮▮▮▮▮▮ |

11. The General Release further provides that Plaintiff counsel receive ▇ of the settlement proceeds, despite her contract providing for 40% of any settlement, together with costs/expenses for a total distribution to Petruska Law, LLC of ▇.

12. The Court has reviewed the General Release with proposed distribution, attached to the Motion to Approve Wrongful Death Settlement as Exhibit 1, including the terms thereof, the release provisions, and the resulting financial distributions to those entitled to sue and recover damages, specifically, Plaintiff, Kayla Hoerr, Devon Lange, and ▇, a minor. The Court expressly approves of the terms of the settlement and resulting distributions to those entitled to sue and recover damages finding the terms to be fair and reasonable.

13. The Court finds that Plaintiff's Motion to Approve Wrongful Death Settlement is made in good faith, is fair and reasonable, and therefore, should be granted.

14. The Court further finds that Plaintiff's Petition for Approval of Minor Settlement is made in good faith, is fair and reasonable, and made in the best interest of the minor child, and therefore, should be granted and the contract and settlement for the benefit of ▇ is approved by the Court and shall be effective upon the entry of this Judgment and Order.

15. Plaintiff retained the services of Petruska Law, LLC and entered into a contract for attorney's fees.

16. The Court has reviewed the fees and expenses associated with the representation set forth in the General Release with proposed distribution attached to the Motion to Approve Wrongful Death Settlement as Exhibit 1. The Court finds the fees and expenses fair and reasonably incurred in connection with the preparation and prosecution of the claims/cause of action and expressly approves the attorney's fees and expenses set forth in the General Release

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED BY THE COURT AS FOLLOWS:**

1. Plaintiff's Motion to Approve Wrongful Death Settlement (Doc. 52) is granted, and the settlement is approved.

2. Plaintiff's Petition for Approval of Minor's Settlement (Doc. 53) is granted, and the contract and settlement entered into by Plaintiff for the benefit of ▓▓▓▓▓▓, a minor, is approved by the Court and shall be effective upon the entry of this Judgment and Order.

3. The Court approves the settlement agreement with proposed distribution attached to the Motion to Approve Wrongful Death Settlement as Exhibit 1 and enters the settlement in the amount of ▓▓▓▓▓▓ as the Judgment of this Court, which is apportioned to Plaintiff, Kayla Hoerr, Devon Lange, and ▓▓▓▓▓▓, consistent with the terms of the General Release as proportionate to the loss each suffered.

4. Except as set forth in the General Release, all parties are to bear their own attorneys' fees, court costs, and expenses.

5. Defendants are ordered to deliver to Plaintiff, through counsel, a check in the amount of ▓▓▓▓▓▓ payable to Patricia S. Becker, a check in the amount of ▓▓▓▓▓▓ payable to Kayla Hoerr, a check in the amount of ▓▓▓▓▓▓ payable to Devon Lange, and a check in the amount of ▓▓▓▓▓▓ payable to Patricia S. Becker, as guardian of ▓▓▓▓▓▓, and Petruska Law, LLC.

6. Counsel for Plaintiff is ordered to deposit the check in the amount of ▓▓▓▓▓▓ payable to Patricia S. Becker, as guardian of ▓▓▓▓▓▓, and Petruska Law, LLC into the Petruska Law, LLC IOLTA account to be held until a conservator of the estate is qualified for the minor child, ▓▓▓▓▓▓.

7. Plaintiff is ordered to file for conservatorship of the estate of ▮ in the appropriate Probate Court of the State of Missouri. Once Plaintiff is appointed conservator of the estate of ▮, Plaintiff's counsel is ordered to disburse the funds held by her in trust for ▮ to Plaintiff for deposit or investment as directed by the Probate Court.

8. If Plaintiff is not appointed conservator of the estate of ▮, but another adult family member of ▮ should petition and be appointed the conservator of her estate, Plaintiff's counsel is ordered to disburse the funds held by her in trust for ▮ to ▮ duly appointed conservator for deposit or investment as directed by the Probate Court.

9. If no family member is appointed conservator of the estate of ▮, Plaintiff's counsel is ordered to disburse the funds to the Public Administrator appointed to serve as ▮ conservator for deposit or investment as directed by the Probate Court.

10. Once a conservator is appointed by the Probate Court, the Probate Court shall retain jurisdiction over ▮ settlement funds until she reaches the age of 18.

11. Defendant is ordered to pay attorney's fees, court costs, and expenses from the settlement in the amount of ▮ to Plaintiff's attorney, Petruska Law, LLC.

12. Upon deposit of the settlement payments ordered herein, Plaintiff shall acknowledge satisfaction of the judgment and costs through the filing of a Satisfaction of Judgment.

13. Plaintiff is further ordered to distribute the settlement checks payable to Kayla Hoerr and Devon Lange set forth in ¶ 5 above to them and to account for same to the Court.

14. Specifically, as to the settlement for the benefit of ▮▮▮▮▮▮▮, a minor, the Court approves the settlement of the minor's claims/causes of action and Plaintiff is hereby granted the authority to contract on behalf of said minor for the settlement of her claims/causes of action by her signing of the General Release, which is effective upon the entry of this Judgment and Order.

15. Plaintiff is further granted the authority to waive ▮▮▮▮▮▮▮ right to a jury trial and to execute and sign any release, satisfaction, and dismissal of this action with prejudice on behalf of the minor child, which shall be binding upon the minor child, ▮▮▮▮▮▮▮.

16. The Court also approves the fee contract between Plaintiff and Petruska Law, LLC for the benefit of the minor child and orders Plaintiff to pay Petruska Law, LLC as set forth above for the attorney's fees and expenses reasonably incurred in connection with the preparation and prosecution of the claims/causes of action for the benefit of the minor child.

17. Upon payment of the settlement proceeds, the filing of a Satisfaction of Judgment and accounting of the distribution of the settlement proceeds as set forth herein, Plaintiff shall dismiss this action with prejudice.

18. Within fourteen (14) days of the entry of this Judgment and Order, Defendants are directed to provide the settlement payments to Plaintiff's counsel for distribution as set forth above.

19. Within five (5) business days of the settlement funds being received by Plaintiff, Plaintiff shall complete all distributions as set forth herein.  Within five (5) business days of the settlement funds being deposited, Plaintiff shall make all court filings, to include the Satisfaction of Judgment and dismissal of this action with prejudice.

20. The trial setting and all other deadlines set forth in this Court's Amended Case

Management Order (Doc. 41) are vacated as moot.

SO ORDERED:

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of October, 2024